UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAYMOND TILLETT, ) | CASE NO. 3:07 CV 1932 |
| ) | |
| Plaintiff, ) | CHIEF JUDGE JAMES G. CARR |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| OHIO STATE HIGHWAY PATROL, et al., ) | |
| ) | |
| Defendants. ) | |

On June 28, 2007, pro se plaintiff Raymond Tillett filed the above-captioned action under 42 U.S.C. § 1983 against the Ohio State Highway Patrol, the State of Ohio, State Trooper Jeffrey Dickens, State Trooper Tom Vaculik, State Trooper Ryan Stewart, State Trooper Stacy Arnold, State Trooper Al Romero, and "K-9 Ringo." (Compl. at 1.) In the complaint, plaintiff alleges that the defendants used excessive force during a traffic stop, and violated his right to equal protection. He seeks damages in the amount of $10,000,000.00.

**Background**

Mr. Tillett claims that on January 12, 2005, he was driving westbound on Interstate 80. A Highway Patrol car pulled up behind him in the left lane and followed him for approximately six miles. Mr. Tillet states that "after the patrol officer looked over at them, he sees two black men,

he immediately pulled behind their vehicle, and turned his lights on." (Compl. at 2.) Mr. Tillett complied with the request. He claims the State Trooper Jeffrey Dickens approached his car and asked to see his license and registration. Mr. Tillett claims that as he was searching for his registration, he asked Officer Dickens why he was stopped. He claims the Officer told him he was driving without tail lights.

After obtaining Mr. Tillett's license and registration, Officer Dickens returned to his car. Mr. Tillett claims 15 minutes passed without a word from the Trooper. He indicates that he got out of his car and asked what was taking so long. Officer Vaculik informed him that the computer was slow and requested that Mr. Tillet return to his vehicle. Fifteen minutes later, Mr. Tillett observed two additional Highway Patrol cars pull in behind Officer Dicken's car. Officer Vaculik approached Mr. Tillett's car and informed him that the "drug dog" would be walking around his car. Mr. Tillett claims Officer Stewart walked around Mr. Tillett's car waving what appeared to be a rag in the air. He claims Officer Stewart hestitated by the driver's side door of Mr. Tillett's car before walking toward the back of the vehicle. He contends that immediately after this action, the K-9 Ringo walked around the car. When he got to the driver's side door, he paused and starting scratching on the door. Shortly thereafter, Officer Vaculik approached Mr. Tillett and informed him that Ringo had detected the presence of drugs on the driver's side of the vehicle and asked the passenger to step out of the car.

Mr. Tillett contends that he determined that "something didn't sound right about this." (Compl. at 3.) He states he started the car, and shortly after that heard gun fire. He claims at that point he sped off in the car. Two miles down the road, he was stopped by a highway patrol car. He alleges he exited the car with his hands in the air and was ordered to get to the ground. He

2

states he complied and was handcuffed. Mr. Tillett claims the officers asked repeatedly what he had done with the gun. He denied possessing or firing a gun. He contends that tests for gun powder residue on his hands were negative. Mr. Tillett asserts that the defendants used excessive force in the course of their traffic stop and claims he and his passenger were targeted for a traffic stop due to their race.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As an initial matter, Mr. Tillett cannot proceed with a claim for damages against the State of Ohio or the Ohio Highway Patrol. A State may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005); Bouquett v. Clemmer, 626 F. Supp. 46, 48 (S.D. Ohio

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

1985).

Mr. Tillett's claims against the State Troopers are also barred. It is apparent on the face of the complaint that the statute of limitations for bringing a §1983 claim expired before Mr. Charles filed this action. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Ohio's two year statute of limitations for bodily injury applies to §1983 claims. The incident giving rise to Mr. Tillett's claims occurred on January 12, 2005. He filed this action on June 28, 2007, six months after the expiration of the statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.